**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MAYLEN BORREGO-NUNEZ,

      Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the
U.S. Department of Homeland Security;
TODD BLANCHE, Acting U.S. Attorney
General; DORA CASTRO, Warden of the
Otero County Processing Center; TODD
LYONS, Acting Director of U.S.
Immigration and Customs Enforcement; and
MARY DE ANDA-YBARRA, El Paso Field
Office Director, Enforcement and Removal
Operations, U.S. Immigration and Customs
Enforcement,

      Respondents.

Case No. 2:26-cv-01521-MIS-GBW

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28
U.S.C. § 2241</u>**

**THIS MATTER** is before the Court on Petitioner Maylen Borrego-Nunez's Petition for

Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed May 13, 2026.

Petitioner is a citizen of Cuba who entered the United States from Mexico on March 24, 2022. Id.

¶ 31. It appears that shortly thereafter she was apprehended, issued a Notice to Appear charging

removability under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, and ordered

released on her own recognizance. Id. ¶¶ 32-35. Petitioner has complied with all conditions placed

on her by that Order. Id. ¶ 36.

Petitioner has also filed applications for asylum, withholding of removal, protection under

the Convention Against Torture, and adjustment of status under the Cuban Adjustment Act. Id. ¶¶

38-39. USCIS administratively closed her application for adjustment of status under the Cuban

Adjustment Act, and an immigration judge denied her asylum application.   Id. ¶¶ 40-41.

Petitioner's appeal of the denial of her asylum application remains pending.  Id. ¶ 43.

On April 3, 2026, local police in Odessa, Texas arrested Petitioner for an alleged local ordinance violation, and transferred her to the custody of U.S. Immigration and Customs Enforcement ("ICE") on April 6, 2026.  Id. ¶¶ 44, 46.  ICE then transferred Petitioner to the Otero County Processing Center, where she is currently detained.  Id. ¶ 7.

On May 13, 2026, Petitioner filed the instant Petition requesting a writ of habeas corpus requiring that Respondents immediately release her from ICE custody or provide her a bond hearing.  Id. at 13.

On May 13, 2026, the Court issued an Order to Show Cause, ECF No. 3, which instructs that Respondents "shall respond to the Petition and **SHOW CAUSE** why the requested relief should not be granted" within ten business days.  Id. at 2.  The Order reminds Respondents "that this Court has already decided the issues presented by the Petition and granted the relief Petitioner requests here."   Id. (citations omitted).  As such, the Court ordered that Respondents must "demonstrate that the facts of this case warrant a departure from the Court's prior rulings."  Id. at 3.

On May 13, 2026, Petitioner filed an Ex Parte Emergency Motion for Temporary Restraining Order and Immediate Injunctive Release.  ECF No. 5.  Therein, Petitioner states that she "is approximately ten weeks pregnant and has experienced spotting during detention."  Id. ¶ 2. She also states that she has been diagnosed with diabetes during her confinement and instructed to maintain a diabetic diet.  Id. ¶¶ 3-4.  She asserts that the detention facility is unable to routinely provide her with a diabetic diet.  id. ¶¶ 5-6.  She further complains about being transferred throughout the facility in handcuffs and shackles.  Id. ¶ 7.

On May 21, 2026, the Court issued an Order expediting Respondents response to the Petition and Order to Show Cause.  ECF No. 7.

On May 22, 2026, the Federal Respondents filed a Response to the Petition.  ECF No. 8. Therein, counsel for Respondents acknowledges that the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-cv-00019-MIS-JFR, 2026 WL 266619 (D.N.M. Feb. 2, 2026), and that "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." Id. at 2-3.   However, Respondents maintain that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b).  Id.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, her continued detention without a bond hearing violates her Fifth Amendment right to due process, and, as such, she is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders her immediate release. See generally Resp., ECF No. 8. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Maylen Borrego-Nunez from custody/detention;

3. Respondents **SHALL** return all of Petitioner's personal belongings to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal—without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

4